UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

MICHAEL KENNETH FRY,

          Petitioner,          Case No. 1:11-cv-564

v.                                   Honorable Paul L. Maloney

MARY BERGHUIS,

          Respondent.
_____/

## REPORT AND RECOMMENDATION

This is a habeas corpus action brought by a state prisoner pursuant to 28 U.S.C. § 2254. Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, RULES GOVERNING § 2254 CASES; *see* 28 U.S.C. § 2243. If so, the petition must be summarily dismissed. Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999). The Court may *sua sponte* dismiss a habeas action as time-barred under 28 U.S.C. § 2244(d). *Day v. McDonough,* 547 U.S. 198, 209 (2006). After undertaking the review required by Rule 4, I conclude that the petition is barred by the one-year statute of limitations.

**Discussion**

I.      Factual Allegations

Petitioner Michael Kenneth Fry presently is incarcerated at the West Shoreline Correctional Facility. He pleaded guilty in the Kent County Circuit Court to possessing with intent to deliver between 50 and 449 grams of cocaine on November 21, 2006, in violation of MICH. COMP. LAWS § 333.7401(2)(a)(iii). On March 27, 2007, the trial court sentenced him to a prison term of 8 to 20 years. In addition, at the time he committed the 2006 offense, Petitioner was on probation for a 2004 offense, and he subsequently pleaded guilty to a probation violation. At the time of sentencing in the 2006 case, Petitioner was also sentenced to imprisonment for nine months on the probation violation.

Petitioner filed a delayed application for leave to appeal his conviction to both the Michigan Court of Appeals and the Michigan Supreme Court, raising ineffective assistance of counsel and sentencing entrapment. Appellate counsel also filed a motion to remand for an evidentiary hearing. On June 15, 2007, the court of appeals denied the motion to remand and denied leave to appeal for lack of merit in the grounds presented. The Michigan Supreme Court denied leave to appeal on October 29, 2007.

On November 2, 2009, Petitioner filed motions for relief from judgment in the Kent County Circuit Court in both the 2004 and 2006 actions. In his motion, he argued that he was entitled to resentencing as a matter of law because his sentencing guidelines were scored incorrectly; his sentence was disproportionate; he was denied due process on the probation violation; and his plea of guilty was premised on promises of leniency. Petitioner also suggested that appellate counsel had provided ineffective assistance on direct appeal. In a lengthy and thoughtful order, the trial court

denied Petitioner's motions for relief from judgment on April 15, 2010. The Michigan Court of Appeals and Michigan Supreme Court denied leave to appeal on October 22, 2010 and April 25, 2011, respectively.

Petitioner filed the instant habeas action on or about May 15, 2011.[1] In his petition, he raises the following four grounds for relief:

> I. PETITIONER IS NOT PROCEDURALLY BARRED FROM FEDERAL HABEAS REVIEW BASED UPON THE STATE COURT'S FINDINGS THAT PETITIONER FAILS TO DEMONSTRATE AN ENTITLEMENT TO RELIEF UNDER MCR 6.508(D), WITH REGARD TO PETITIONER'S CLAIM OF INEFFECTIVE ASSISTANCE OF APPELLATE COUNSEL FOR FAILURE TO RAISE MERITORIOUS CONSTITUTIONAL CLAIMS ON DIRECT APPEAL, WHERE THE STATE COURT FINDINGS ARE IN TOTAL CONFLICT WITH FEDERAL LAW AS DETERMINED BY THE U.S. SUPREME COURT AND THIS FEDERAL COURT.
>
> II. DEFENDANT IS ENTITLED TO WITHDRAW HIS PLEA OF GUILTY FOR POSSESSION WITH INTENT TO DELIVER COCAINE 50 TO 449 GRAMS BECAUSE HIS PLEA WAS PREMISED UPON PROMISES OF LENIENCY IN EXCHANGE FOR DEFENDANT'S ASSISTANCE PROVIDED UNDERCOVER POLICE OFFICERS, SAID PROMISED LENIENCY THAT WAS NOT FORTHCOMING.
>
> III. DEFENDANT'S GUILTY PLEA FOR PROBATION VIOLATION WAS NOT VOLUNTARY, KNOWING, OR ACCURATELY TENDERED, BECAUSE DEFENDANT WAS NEVER ARRAIGNED FOR FELONY PROBATION VIOLATION REQUIRED BY MCL 764.13; MCL 764.26; PREJUDICING DEFENDANT BY DEPRIVING HIM OF FUNDAMENTAL DUE PROCESS PROTECTED BY THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION.

---

[1] Under Sixth Circuit precedent, the application is deemed filed when handed to prison authorities for mailing to the federal court. *Cook v. Stegall*, 295 F.3d 517, 521 (6th Cir. 2002). Petitioner dated his application on May 15, 2011, and it was received by the Court on May 31, 2011. Thus, it must have been handed to prison officials for mailing at some time between May 15 and 31. For purposes of this opinion, the Court has given Petitioner the benefit of the earliest possible filing date. *See Brand v. Motley*, 526 F.3d 921, 925 (6th Cir. 2008) (holding that the date the prisoner signs the document is deemed under Sixth Circuit law to be the date of handing to officials) (citing *Goins v. Saunders*, 206 F. App'x 497, 498 n.1 (6th Cir. 2006)).

> IV. DEFENDANT'S SENTENCE FOR POSSESSION WITH INTENT TO DELIVER COCAINE 50 TO 449 GRAMS MUST BE REMANDED FOR RESENTENCING BECAUSE OF EGREGIOUS POLICE MISCONDUCT THAT MANIPULATED THE SEVERITY OF OFFENSE LEVELS EMBODIED IN MCL 333.7401(2)(a)(iii) AND (iv), WHICH HAD THE EFFECT OF ALTERING THE APPROPRIATE GUIDELINES RANGE, SUBSTANTIALLY INCREASING DEFENDANT'S SENTENCE.

(Pet. at 6, 12, 18, 22, docket #1, Page ID##6, 12, 18, 22.)

> II.    Statute of Limitations

Petitioner's application is barred by the one-year statute of limitations provided in 28 U.S.C. § 2244(d)(1), which became effective on April 24, 1996, as part of the Antiterrorism and Effective Death Penalty Act, PUB. L. NO. 104-132, 110 STAT. 1214 (AEDPA). Section 2244(d)(1) provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). The running of the statute of limitations is tolled when "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2); *see also Duncan v. Walker*, 533 U.S. 167, 181-82

(2001) (limiting the tolling provision to only State, and not Federal, processes); *Artuz v. Bennett*, 531 U.S. 4, 8 (2000) (defining "properly filed").

In most cases, § 2244(d)(1)(A) provides the operative date from which the one-year limitations period is measured. Under that provision, the one-year limitations period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). According to the habeas application, Petitioner appealed his conviction to the Michigan Court of Appeals and the Michigan Supreme Court. The Michigan Supreme Court denied his application on October 29, 2007. Petitioner did not petition for certiorari to the United States Supreme Court. The one-year limitations period, however, did not begin to run until the ninety-day period in which Petitioner could have sought review in the United States Supreme Court had expired. *See Lawrence v. Florida*, 549 U.S. 327, 332-33 (2007); *Bronaugh v. Ohio*, 235 F.3d 280, 283 (6th Cir. 2000). The ninety-day period expired on Monday, January 28, 2008. Petitioner had one year from that date, or until January 28, 2009, in which to file his habeas application. Petitioner filed on May 15, 2011. Obviously, he filed more than one year after the time for direct review expired. Thus, absent tolling, his application is time-barred.

Although 28 U.S.C. § 2244(d)(2) provides that the one-year statute of limitations is tolled while a properly filed petition for state collateral review is pending, the tolling provision does not "revive" the limitations period (i.e., restart the clock); it can only serve to pause a clock that has not yet fully run. *Payton v. Brigano*, 256 F.3d 405, 408 (6th Cir. 2001). Once the limitations period is expired, collateral petitions can no longer serve to avoid a statute of limitations. *Id.*; *McClendon v. Sherman*, 329 F.3d 490, 493 (6th Cir. 2003). Even where the post-conviction motion raises a claim of ineffective assistance of appellate counsel, the filing of the motion for relief from judgment

does not revive the statute of limitations. *See Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir. 2004) (citing *McClendon*, 329 F.3d 490). Because Petitioner's one-year period expired on January 28, 2009, his collateral motion filed on November 2, 2009 could not serve to revive the limitations period.

The one-year limitations period applicable to § 2254 is a statute of limitations subject to equitable tolling. *See Holland v. Florida*, 130 S. Ct. 2549, 2560 (2010); *Akrawi v. Booker*, 572 F.3d 252, 260 (6th Cir. 2009); *Keenan v. Bagley*, 400 F.3d 417, 420 (6th Cir. 2005). A petitioner bears the burden of showing that he is entitled to equitable tolling. *See Keenan*, 400 F.3d at 420; *Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir. 2004). The Sixth Circuit repeatedly has cautioned that equitable tolling should be applied "sparingly" by this Court. *See Sherwood v. Prelesnik*, 579 F.3d 581, 588 (6th Cir. 2009); *Jurado v. Burt*, 337 F.3d 638, 642 (6th Cir. 2003); *Cook v. Stegall*, 295 F.3d 517, 521 (6th Cir. 2002). A petitioner seeking equitable tolling of the habeas statute of limitations has the burden of establishing two elements: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Holland*, 130 S. Ct. at 2562 (citing *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)); *Lawrence*, 549 U.S. at 335; *Akrawi*, 572 F.3d at 260.

Petitioner has failed to raise equitable tolling or to allege any facts or circumstances that would warrant its application in this case. The fact that Petitioner is untrained in the law, was proceeding without a lawyer, or may have been unaware of the statute of limitations for a certain period does not warrant tolling. *See Allen*, 366 F.3d at 403-04; *see also Craig v. White*, 227 F. App'x 480, 482 (6th Cir. 2007); *Harvey v. Jones*, 179 F. App'x 294, 299-300 (6th Cir. 2006); *Martin v. Hurley*, 150 F. App'x 513, 516 (6th Cir. 2005); *Fisher v. Johnson*, 174 F.3d 710, 714 (5th Cir.

1999) ("ignorance of the law, even for an incarcerated *pro se* petitioner, generally does not excuse [late] filing."). Accordingly, Petitioner is not entitled to equitable tolling of the statute of limitations.

The Supreme Court has directed the District Court to give fair notice and an adequate opportunity to be heard before dismissal of a petition on statute of limitations grounds. *See Day,* 547 U.S. at 210. This report and recommendation shall therefore serve as notice that the District Court may dismiss Petitioner's application for habeas corpus relief as time-barred. The opportunity to file objections to this report and recommendation constitutes Petitioner's opportunity to be heard by the District Judge.

**Recommended Disposition**

For the foregoing reasons, I recommend that the habeas corpus petition be denied because it is barred by the one-year statute of limitations. I further recommend that a certificate of appealability be denied. *See Slack v. McDaniel*, 529 U.S. 473 (2000).


Dated:   June 22, 2011               /s/  Joseph G. Scoville
                                     United States Magistrate Judge


**NOTICE TO PARTIES**

Any objections to this Report and Recommendation must be filed and served within 14 days of service of this notice on you. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b). All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b). Failure to file timely objections may constitute a waiver of any further right of appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *see Thomas v. Arn*, 474 U.S. 140 (1985).